UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXIMUS FUTURO IRONWILL,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, et al.,<br><br>            Defendant. | CASE NO. 3:23-cv-06146-RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court finds plaintiff's complaint is subject to dismissal as it names improper defendants, seeks relief from defendants who are immune, and otherwise fails to state a claim upon which relief may be granted. Furthermore, leave to amend is not warranted as it appears no amendment would remedy the deficiencies identified herein. Therefore, the undersigned recommends that the Court dismiss this action without prejudice prior to service. The Court further recommends that plaintiff's motion to appoint counsel (Dkts. 3, 6) be denied.

## BACKGROUND

Plaintiff is a prisoner currently housed at Monroe Correctional Complex serving a sentence on a conviction unrelated to the instant complaint. Dkts. 1-1 at 6. Plaintiff's complaint

REPORT AND RECOMMENDATION - 1

alleges his rights under the Constitution, the Americans with Disabilities Act (ADA), and state law, were violated by his physical confinement and/or limitations on his liberty imposed by the Drug Court pursuant to several prior criminal cases wherein he was charged with simple possession of a controlled substance. Dkts. 1-1 at 10-39. Plaintiff contends his detention, convictions, and any limitations imposed by Drug Court pursuant to his charges related to simple possession of a controlled substance were rendered unconstitutional by the Washington Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170 (2021).[1] *Id.*

Plaintiff alleges he was arrested by the Thurston County Sheriff's Department on January 1, 2019, and charged with two simple possession of a controlled substance charges. *Id.* at 11-12. Plaintiff states he was detained and subsequently released to Thurston County Drug Court. *Id.* He indicates he failed to check-in to drug court and a warrant was issued for his arrest. *Id.* He was subsequently arrested in Lewis County by the Centralia Police Department and was charged with two more simple possession of a controlled substance charges. *Id.* Plaintiff indicates he was transferred from Lewis County Jail to Thurston County Jail with a "global resolution." *Id.* He indicates he was reinstated in Drug Court in Thurston County and released pending trial on his four simple possession charges. *Id.* Plaintiff indicates he was later ordered to complete the Chemical Dependency Program (CDP), administered by Alternatives Professional Counseling, Inc., while in total confinement at Thurston County Jail, which took approximately 7 to 10 months. *Id.* at 11-12, 21.

Plaintiff states he was subsequently ordered to partake in Thurston County Drug Court classes, check-ins, meetings, random UAs, mandatory employment, drug court fees, and other

---

[1] In *Blake*, the Washington Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013, was unconstitutional because it criminalized unintentional, unknowing possession of controlled substances. *See Blake*, 197 Wn.2d at 173-74.

REPORT AND RECOMMENDATION - 2

strict Drug Court requirements. *Id.* at 12-13. Plaintiff alleges he was often sanctioned for frivolous violations. *Id.* Plaintiff states that between CDP and sanctions he was in total confinement for approximately one full year in Thurston County Jail, plus an additional 70 days in Lewis County Jail. *Id.* He states that he was also subject to approximately one full year of partial confinement while involved in Drug Court. *Id.* Plaintiff alleges that because Drug Court "over-filled my plate, it concurrently denied me adequate mental health treatments" and inflicted long-term emotional distress, deep rooted anxiety and mental pain. *Id.*

Plaintiff states that Drug Court ultimately terminated him for various sanctions and on February 24, 2021, he was sentenced to a term of 14 months in prison for all four simple possession charges. *Id.* Plaintiff states that on February 25, 2021, *State v. Blake*, 197 Wn.2d 170 (2021) declared simple possession charges unconstitutional retroactively. *Id.* Plaintiff alleges his public defender Brian Gerhart informed him he would be released on February 25, 2021, but he was not released until the following day. *Id.* at 24-25. Plaintiff states that he assumes is attorney must have failed to move to vacate the judgment in his case in time. *Id.* Plaintiff states his conviction was not "annulled" until February 26, 2021, a full day later. *Id.*

Plaintiff states he is "aiming this claim solely at the emotional distress, mental pain, and anxiety I incurred due to my false arrest and false imprisonment[.]" *Id.* at 14-16. Plaintiff claims as a result of his detention he has PTSD and anxiety. *Id.* He states that during his detention he was diagnosed with "other specified mental disorder", major depressive disorder, and generalized anxiety disorder which he attributes to his "unlawful false imprisonment" and after his release was diagnosed with PTSD and bipolar disorder. *Id.* at 14-16, 28.

Plaintiff alleges Thurston County Drug Court Judge Shaulor violated his rights by releasing him back to the Drug Court program despite his diagnosis of mental health disorders

REPORT AND RECOMMENDATION - 3

and also ordering him to seek mental health treatment despite the fact that he already felt overburdened by the requirements of Drug Court. *Id.* at 16. Plaintiff alleges the Thurston County Drug Court program manager Sabrina Craig, Judge "Shavilar" and the Drug Court staff were "looking for any minute reason to revoke anyone." *Id.* at 22. Plaintiff alleges that because of the numerous strict requirements of Drug Court he had to forgo pursuing mental health treatment. *Id.*

Plaintiff alleges the defendants' actions also violated his rights under the ADA because he qualifies as a disabled individual due to his drug addiction and mental health issues. *Id.* at 32-28. He alleges he was arrested, detained and prosecuted for simple possession because he was a drug addict. *Id.* He alleges he was discriminated against by Judge "Shavilar" and Thurston County Drug Court by imposing additional Drug Court requirements despite his mental health issues. *Id.*

Plaintiff names the following as defendants: the State of Washington; "Washington State Legislation"; 2003 Washington State Senate; 2003 Washington State House Committee; Patty Murray, Washington State Senator; Maria Cantwell, Washington State Senator; Gary Locke, Washington State Governor (2003); Thurston County; Thurston County Sheriff's Office; Derek Sanders, Thurston County Sheriff (2019); Trevor Davis, Thurston County Chief of Corrections (2019); Thurston County Jail; Thurston County Prosecutors Office; Jon Tunheim, Thurston County Prosecutor; Thurston County Superior Court; Thurston County Superior Court Judge; Thurston County Drug Court; Sabrina Craig, Thurston County Drug Court Program Manager; "Shavilar", Thurston County Drug Court Judge; Thurston County Public Defense; Brian Gerhart, Thurston County Public Defender; Lewis County; Lewis County Sheriff's Office; Robert Snaza, Lewis County Sheriff; Chris Sweet, Lewis County Chief of Corrections (2019); Lewis County Jail; Lewis County Prosecutors Office; Jonathan Meyer, Lewis County Prosecutor; Lewis

REPORT AND RECOMMENDATION - 4

1  County Superior Court; Centralia Police Department; Carl Nelson, Centralia Police Department
2  Police Chief; Washington State Department of Corrections (DOC); Cheryl Strange, Secretary
3  DOC; and Alternatives Professional Counseling Inc.
4      As relief, plaintiff asks the Court to: (1) find plaintiff was discriminated against on the
5  basis of his disability, and that he suffered negligently or recklessly inflicted long-term emotional
6  distress, anxiety and mental pain due to the acts of defendants; (2) backpay/economic damages
7  for what he would have earned if he had not been detained; (3) order that Thurston County Drug
8  Court be required to include bi-weekly mental health treatments; (4) compensatory and punitive
9  damages; (5) injunctive relief barring defendants from further discrimination or injury against
10 plaintiff; (6) attorney fees and costs; (7) such other and further relief as may be just and proper.
11 *Id.* at 38-39.

## DISCUSSION

13     Under the Prison Litigation Reform Act of 1995, the Court is required to screen
14 complaints brought by prisoners seeking relief against a government entity or officer or
15 employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the
16 complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
17 state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
18 who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
19 152 F.3d 1193 (9th Cir. 1998).
20     In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
21 suffered a violation of rights protected by the Constitution or created by federal statute, and (2)
22 the violation was proximately caused by a person acting under color of state or federal law. *West*
23 *v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To

satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The ADA applies to prisons and jails and prohibits discrimination against disabled or handicapped persons. *United States v. Georgia*, 546 U.S. 151, 154 (2006); *Pierce v. County of Orange*, 526 F.3d 1190, 1214 (9th Cir. 2008). The ADA provides a "qualified individual with a disability" cannot, "by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

"To state a claim of disability[2] discrimination under Title II [of the ADA], the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Plaintiff names several defendants who are immune or who are not proper defendants in a § 1983 action and otherwise fails to state a claim upon which relief may be granted.

**A.      Failure to State a Claim**

---

[2] The term "disability" under the ADA means, "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

Plaintiff does not allege that any Washington State Court had determined that the statute making simple possession of a controlled substance illegal was unconstitutional when he was arrested, prosecuted, convicted, sentenced, or participated in Drug Court, pursuant to his criminal cases. Rather, it was not until February 25, 2021, that the Washington Supreme Court decided *Blake* and found the relevant statute, RCW 69.50.4013, to be unconstitutional. *Blake*, 197 Wn.2d 170.

Because the statute had not been invalidated during the entire time period applicable to plaintiff's arrests, convictions and confinement (with the exception of a 24 hour period he alleges he was detained after the *Blake* decision was issued) he cannot establish any of the defendants intentionally or knowingly caused plaintiff to be arrested, detained, prosecuted, or imposed limitations on plaintiff's liberty through Drug Court, for a crime they knew was invalid. Nor does plaintiff demonstrate any of defendants' actions constituted discrimination under the ADA based upon plaintiff's alleged disability as a recovering drug addict or individual with mental health issues. The *Blake* decision does not serve as a basis upon which plaintiff can rely to find the named defendants somehow acted impermissibly. *See Thibodeaux v. Brittain*, No. 321CV05701RSMBAT, 2021 WL 9334203, at *2 (W.D. Wash. Sept. 27, 2021), *report and recommendation adopted*, No. 321CV05701RSMBAT, 2022 WL 3646788 (W.D. Wash. Aug. 24, 2022) (dismissing plaintiff's complaint against defendants who prosecuted plaintiff on charges of simple possession of a controlled substance prior to the decision in *State v. Blake*, stating "[t]he *Blake* decision did not exist from the initiation through the completion of Plaintiff's criminal prosecution and does not serve as a basis upon which one could rely in finding Defendants somehow acted impermissibly."); *Slack v. Washington*, No. 2:23-CV-0689-RJB-GJL, 2023 WL 4424519, at *3 (W.D. Wash. June 20, 2023), *report and recommendation*

REPORT AND RECOMMENDATION - 7

*adopted*, No. 2:23-CV-0689-RJB-GJL, 2023 WL 4422379 (W.D. Wash. July 10, 2023) (dismissing plaintiff's complaint against city defendant at screening, stating "[b]ecause the statute was valid during the entire time period applicable to Plaintiff's arrests, convictions and confinement here, Plaintiff cannot establish any police officer, or the City of Seattle, intentionally or knowingly caused Plaintiff to be arrested for a crime they knew was invalid.").

The Court notes that plaintiff does allege he was detained for 24 hours after the *Blake* decision was issued. *Blake*, 197 Wn.2d 170. However, he appears to attribute this to the negligence of his public defender, who, as discussed below, is not a proper defendant in a § 1983 action. Plaintiff also fails to allege sufficient facts to support a claim that any other specific defendant violated his Constitutional rights or his rights under the ADA by failing to release him until the day after the *Blake* decision was issued.

Plaintiff also alleges that defendants' actions violated his rights under the ADA because he qualifies as a disabled individual due to his drug addiction and mental health issues. Plaintiff also alleges he was arrested, detained and prosecuted for simple possession because he was a drug addict in violation of the ADA. But even assuming plaintiff is a qualified individual with a disability, this does not establish that any of defendants' actions were motivated by his alleged disability. Rather, it appears defendants were acting pursuant to a criminal statute that had not, at that time, been invalidated.

Plaintiff alleges Thurston County Drug Court Judge "Shavilar" violated his rights by releasing him back to the Drug Court program despite his diagnosis of mental health disorders and ordering him to seek mental health treatment despite the fact that felt overburdened by the requirements of Drug Court. Plaintiff alleges that because of the numerous strict requirements of Drug Court he had to forgo pursuing mental health treatment. Plaintiff alleges the Thurston

County Drug Court program manager Sabrina Craig, Judge "Shavilar", and the Drug Court staff were "looking for any minute reason to revoke anyone." Plaintiff alleges Thurston County Drug Court, Judge "Shavilar", Drug Court program manager Sabina Craig, and Drug Court staff violated his rights and discriminated against him by imposing additional Drug Court requirements despite his mental health issues and the fact that he felt overburdened by the requirements of Drug Court.

While plaintiff clearly feels the requirements of Drug Court were onerous, his allegations do not demonstrate any of defendants' actions were based upon plaintiff's alleged disability, nor does plaintiff state facts to support a claim that any of these defendants' actions violated his Constitutional rights.

Additionally, as discussed below, many of the defendants plaintiff names are either immune or are not proper defendants in a § 1983 action.

**B.      State of Washington, DOC, "Washington State Legislation", Washington State Senate, Washington State House Committee, Thurston County Superior Court, Lewis County Superior Court, Thurston County Drug Court**

The State of Washington, the "Washington State Legislation", Washington State Senate, Washington State House Committee, DOC, Lewis County Superior Court, Thurston County Superior Court, and Thurston County Drug Court are not proper defendants in a § 1983 action. Such a claim may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. The United States Supreme Court has made clear that states and arms of the state, including state agencies, are not "persons" subject to suit under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989); *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 356 (1990)

REPORT AND RECOMMENDATION - 9

("*Will*, [...] established that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court.").

In addition, it is well established that under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982). The Lewis County Superior Court and the Thurston County Superior Court are state agencies as they were established by the Washington State Constitution and are funded by the state government. *See* Wash. Const. art. IV, §§ 1, 6; *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*; *Wager v. Pierce Cnty. Jud. Sys.*, No. 3:23-CV-5174-RAJ-DWC, 2023 WL 3571400, at *2 (W.D. Wash. Apr. 19, 2023), *report and recommendation adopted*, No. 3:23-CV-5174-RAJ-DWC, 2023 WL 3568509 (W.D. Wash. May 18, 2023). Likewise, the Thurston County Drug Court as a part of the Thurston County Superior Court, would also appear to fall within the state agency category.

Accordingly, the State of Washington, the "Washington State Legislation", Washington State Senate, Washington State House Committee, DOC, Lewis County Superior Court, Thurston County Superior Court, and Thurston County Drug Court, are improper defendants under § 1983.

**C.     Municipal Agencies and Municipal Liability**

Plaintiff also names the following municipal agencies or departments as defendants: Thurston County Sheriff's Office; Thurston County Jail; Thurston County Prosecutors Office;

REPORT AND RECOMMENDATION - 10

1  Thurston County Public Defense; Lewis County Sheriff's Office; Lewis County Jail; Lewis
2  County Prosecutors Office; and Centralia Police Department. These are not proper defendants
3  under § 1983. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, (1978);
4  *Loomis v. City of Puyallup Police Dept.*, 2005 WL 1036445, at *8 (W.D. Wash. May 3, 2005).
5  Rather, the municipality itself would be the proper defendant. *Id.*

6  Plaintiff does also name Thurston County and Lewis County as defendants. However, to
7  set forth a claim against a municipality, a plaintiff must show the defendant's employees or
8  agents acted through an official custom, pattern, or policy permitting deliberate indifference to,
9  or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-
10  91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a
11  policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and
12  (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954
13  F.3d 1470, 1474 (9th Cir. 1992). Here, plaintiff has not identified any policy of Thurston or
14  Lewis County that violated his rights.

15  **D.     Prosecuting Attorneys, Public Defender, Judges**

16  Plaintiff brings claims against defendants Thurston County Prosecutor Jon Tunheim and
17  Lewis County Prosecutor Jonathon Meyers for prosecuting his criminal cases related to simple
18  possession of a controlled substance.

19  Prosecutors are entitled to absolute immunity from liability for damages under § 1983.
20  *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor
21  who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793
22  F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies
23  even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor

whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427).

Here, plaintiff alleges defendants prosecuted him for violating a statute that was later declared to be unconstitutional. These allegations relate directly to the defendants' prosecutorial function. Thus, defendants Tunheim and Meyers have immunity as prosecutors and, therefore, plaintiff has failed to state a claim against them for damages.

Plaintiff also alleges the defendants then Washington State Senators Patty Murray and Maria Cantwell and Governor Gary Locke, , are liable for "passing" the state law at issue in 2003. "Under the doctrine of legislative immunity, members of Congress and state legislators are entitled to absolute immunity from civil damages for their performance of lawmaking functions." *Jones v. Allison*, 9 F.4th 1136, 1139–40 (9th Cir. 2021) (citation omitted). This immunity extends both to suits for damages and suits for prospective relief. *See Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 732-33 (1980); *Cmty. House, Inc.*, 623 F.3d at 959. Thus, defendants Murray, Cantwell and Lock are immune from plaintiff's claims.

Plaintiff also alleges defendants Thurston County Drug Court Judge "Shavilar" and an unidentified Thurston County Superior Court Judge are responsible for imposing restrictions and limitations in Drug Court and his detention and conviction on his charges for simple possession of a controlled substance. It is well established that judicial officers are entitled to absolute immunity for judicial acts performed within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity applies even when a judge acts in excess of his or her authority. *Stump*, 435 U.S. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). Thus,

REPORT AND RECOMMENDATION - 12

defendants Thurston County Drug Court Judge "Shavilar" and an unidentified Thurston County Superior Court Judge, even if properly identified and named, would be immune from plaintiff's claims for damages.

With respect to plaintiff's public defender, Brian Gerhart, the United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). In *Polk*, the Supreme Court held that a public defender, even though employed by the state, is not subject to § 1983 liability when acting in the capacity of an attorney. *Id.* at 321 (the job of a public defender is to advance the interests of his client, which "is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.") *Id.* at 321; *see also Miranda v. Clark Cty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Because public defenders cannot be subject to § 1983 liability based on their actions representing defendants in criminal proceedings, plaintiff fails to state a claim against defendant Gerhart.

Accordingly, plaintiff's federal claims should be dismissed pursuant to 28 U.S.C. § 1915A as plaintiff's complaint names improper defendants, seeks relief from defendants who are immune, and otherwise fails to state a claim upon which relief may be granted. Furthermore, leave to amend is not warranted because it does not appear the deficiencies identified above can be cured by amendment. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (leave to amend need not be granted where amendment would be futile or where the amended complaint would be subject to dismissal).

REPORT AND RECOMMENDATION - 13

E.  **State Law Claims**

It appears that plaintiff also seeks to bring state law claims against many of the defendants. A district court may exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)); *Artis v. District of Columbia*, 138 S.Ct. 594 (2018). However, "the federal court should decline the exercise of jurisdiction" when "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *see also* 28 U.S.C. § 1367(c).

Because the undersigned has recommended dismissal of plaintiff's federal claims, the Court should also decline to exercise supplemental jurisdiction over plaintiff's state law claims, and those claims should be dismissed without prejudice.

F.  **Motion to Appoint Counsel**

Plaintiff has also filed a motion seeking to appoint counsel. Dkt. 3.

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

REPORT AND RECOMMENDATION - 14

involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Here, the Court has recommended dismissal of this action because plaintiff has not filed a viable complaint. Accordingly, plaintiff fails to demonstrate a likelihood of success on the merits. Moreover, while the Court has concluded plaintiff's complaint is not viable, his complaint demonstrates a sufficient ability to articulate his claims *pro se*. Accordingly, plaintiff's motion to appoint counsel (Dkts. 3, 6) should also be DENIED.

## CONCLUSION

For the foregoing reasons, the Court recommends this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A. Plaintiff's motion to appoint counsel (Dkts. 3, 6) should be DENIED. A proposed order and proposed judgment are attached.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 1, 2024.** The Clerk should note the matter for **March 8, 2024**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the

REPORT AND RECOMMENDATION - 15

Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 9th day of February, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16